UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES AARON BROOKS,** | : |
| Petitioner | :     CIVIL ACTION NO. 3:19-1500 |
| v. | :     (JUDGE MANNION) |
| **HUGH J. HURWITZ,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner, Charles Aaron Brooks ("Petitioner"), an inmate currently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 1996 conviction on five counts of armed bank robbery and three counts of use of a firearm during a crime of violence. Id. Following an order to show cause, (Doc. 7) Respondent filed a response on November 21, 2019. (Doc. 8). A traverse was filed on May 29, 2020. (Doc. 10). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

**I. Background**

On July 26, 1996, Brooks was convicted by a jury of one count of conspiracy to commit armed robbery, in violation of 18 U.S.C. §371, four counts of armed bank robbery, in violation of 18 U.S.C. §2113(d), and three counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §924(c). United States v. Brooks, E.D. Pa. No. 2:95-cr-564, criminal docket. He was sentenced on November 13, 1996 to 262 months in prison, plus mandatory consecutive sentences under the §924(c) counts of five, twenty and twenty years, for a total sentence of 66 years and ten months imprisonment. Id. Brooks was also sentenced to three years of supervised release and ordered to pay a $400 special assessment. Id. The Court of Appeals affirmed his convictions without opinion on March 13, 1998. United States v. Brooks, 149 F.3d 1166 (Table) (3d Cir.1998).

On May 29, 2001, Brooks filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct sentence. United States v. Brooks, E.D. Pa. No. 2:95-cr-564, criminal docket. On December 27, 2001, the sentencing court denied Brooks' §2255 motion, finding without merit Brooks' claims based on: (1) ineffective assistance of counsel; (2) the court's lack of jurisdiction because the banks he robbed were not insured by the Federal Deposit Insurance Commission (FDIC) and the court's failure to properly

instruct the jury of the banks' insured status; (3) violations of his Fifth and Sixth Amendment rights because the grand jury did not return an amended indictment after the government dismissed two counts against him upon discovering that a coconspirator had perjured himself and because the court improperly read for the jury the overt acts from the indictment rather than providing them a copy of a redacted indictment; (4) several claims about inadmissible evidence including tape recordings at trial; and (5) the government's failure to introduce evidence at trial sufficient to convict him of using or carrying a firearm. (Doc. 8-1 at 31, United States v. Brooks, No. Civ. A. 01-1246, 2001 WL 34355638 (E.D. Pa. Dec. 27, 2001)). The Third Circuit denied a request for a certificate of appealability. United States v. Brooks, E.D. Pa. No. 2:95-cr-564, criminal docket at Doc. 254.

The sentencing court denied three subsequent §2255 motions as successive because Brooks filed them without first obtaining authorization from the Court of Appeals and the Third Circuit denied three applications for leave to file a second or successive motions pursuant to 28 U.S.C. §2255. Id. at Docs. 266, 276, 329, 369, 399, 410).

By Order dated August 27, 2019, the United States Court of Appeals for the Third Circuit granted Brooks' Application for Leave to file Second or Successive Habeas Corpus Petition and transferred the application to the

District Court. (Doc. 8-1 at 35, United States v. Brooks, E.D. Pa. No. 445 (3d Cir., Aug. 27, 2019)).

On August 29, 2019, Petitioner filed the above captioned petition for writ of habeas corpus in which Brooks claims that he was improperly sentenced to three years supervised release and two claims which appear to be based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 1).

By Order dated November 25, 2019, the United States District Court for the Eastern District of Pennsylvania denied Brooks' motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, finding the following:

> On November 13, 1996, defendant Charles Aaron Brooks ("Brooks") was convicted of armed bank robbery, in violation of 18 U.S.C. §2113(d), conspiracy, in violation of 18 U.S.C. §371, and using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(i). The predicate "crime of violence" for each §924(c) conviction was armed bank robbery in violation of §2113(d). The court sentenced Brooks to a term of 45 years' imprisonment on the three counts of conviction under §924(c), pursuant to the applicable mandatory minimums, to run consecutively to a term of 262 months' imprisonment on the armed bank robbery and conspiracy counts of conviction.
>
> Brooks now seeks to vacate, set aside, or correct his sentence on his §924(c) convictions based on a claim that the predicate offenses do not qualify as "crimes of violence." See United States v. Davis, 139 S. Ct. 2319 (2019); Johnson v. United States, 135 S. Ct. 2551 (2015). In United States v. Johnson, our Court of Appeals held that armed bank robbery under 18 U.S.C. '2113(d) has an element of force and thus qualifies as a crime of violence under §924(c). See 899 F.3d 191, 202 04 (3d Cir. 2018). Brooks

- 4 -

thus is not entitled to habeas relief. United States v. Brooks, E.D. Pa. No. 2:95-cr-564, criminal docket at Doc. 447.

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). A motion under §2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).

- 5 -

"Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue

relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

      Here, Petitioner attempts to challenge his 1996 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening

change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion.

Brooks' lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address Brooks' challenge to his three-year term of supervised release merely because he failed to raise that argument at the proper time. Moreover, his lack of success to challenge his §924(c) convictions and career offender status in his successive §2255 before the District Court for the Eastern District does not satisfy the stringent gatekeeping limitations

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

## III. Conclusion

For the foregoing reasons, Brooks' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATE: December 30, 2020**
19-1500-01