## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES AARON BROOKS, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-1500 |
| v. | : | (JUDGE MANNION) |
| HUGH J. HURWITZ, | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Charles Aaron Brooks ("Petitioner"), an inmate currently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 1996 conviction on five counts of armed bank robbery and three counts of use of a firearm during a crime of violence. Id. Following an order to show cause, (Doc. 7) Respondent filed a response on November 21, 2019. (Doc. 8). A traverse was filed on May 29, 2020. (Doc. 10).

By Memorandum and Order dated December 30, 2020, the Court dismissed the petition for lack of jurisdiction. (Docs. 11, 12). Presently before the Court is Brooks' motion for reconsideration of this Court's December 30, 2020 Memorandum and Order. (Doc. 13). For the reasons that follow, the

Court will deny Petitioner's motion.

I.  **Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D.

99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order, reveals that Brooks' petition was denied as follows:

> Here, Petitioner attempts to challenge his 1996 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that

99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order, reveals that Brooks' petition was denied as follows:

> Here, Petitioner attempts to challenge his 1996 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that

an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion.

Brooks' lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address Brooks' challenge to his three-year term of supervised release merely because he failed to raise that argument at the proper time. Moreover, his lack of success to challenge his §924(c) convictions and career offender status in his successive §2255 before the District Court for the Eastern District does not satisfy the stringent gatekeeping limitations.

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

(Docs. 11, 12).

Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. To the extent that Petitioner attempts to argue that his prior history of failed attempts at §2255 motions renders §2255 to be inadequate and ineffective, (Doc. 13), he is incorrect. "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy

§2255's timeliness or other gatekeeping requirements." See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). Additionally, although he discusses the concept of actual innocence, Brooks does not explain how an intervening change in the law rendered the conduct which formed the basis of his convictions to be non-criminal. Id. Brooks merely reasserts the same claims raised in his initial petition. Id.

Accordingly, this Court finds that its Memorandum and Order of December 30, 2020, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 19, 2021**
19-1500-02